UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| | |
|---|---|
| In re:<br><br>Muslum Levent,<br><br><br><br>Debtor(s). | **CHAPTER 7**<br><br>**Case No. 8-24-72675-REG**<br><br><br>Hon. Robert E. Grossman |

<u>**NOTICE OF MOTION**</u>

Upon the annexed Motion for Relief of Jose Zaldivar by his attorneys the Moser Law Firm, PC, and the exhibits annexed thereto, Movant, an unsecured creditor, will move this court before the Hon. Robert E. Grossman, United States Bankruptcy Judge, on **November 4, 2024** at **9:30 a.m.** o'clock of that day, or as soon thereafter as counsel may be heard, at the Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York, 11722 for an order pursuant to 362(d) of the Bankruptcy Code modifying the automatic stay so that Movant, as unsecured creditor, can proceed with the case titled *Zaldivar v. Levent Company, Ltd. d/b/a Shish Kebab Grill, et. al.,* 22-cv-00065-GRB-ARL (the "Wage Action"). for such other and further relief as this Court deems just and proper.

**PURSUANT TO BANKRUPTCY RULE 9014 AND LOCAL BANKRUPTCY RULE 9006- 1(b), IF YOU INTEND TO OPPOSE THE MOTION, YOU MUST SERVE ON MOVANT'S COUNSEL AND FILE WITH THE CLERK OF THE BANKRUPTCY COURT, WRITTEN OPPOSITION TO THE MOTION SO AS TO ENSURE ACTUAL RECEIPT NOT LATER THAN SEVEN (7) DAYS BEFORE THE RETURN DATE.**

1. <u>Unopposed motions:</u>

   Unopposed motions, including motions to dismiss filed by the chapter 13 trustee, may be granted by the Court without the need for an appearance provided that the moving party files with the Court a Certificate of No Objection and proposed order. Following receipt of the Certificate of No Objection, the Court may enter an order granting the motion without further notice or hearing. In the event the Court determines a hearing is necessary, the Court will schedule a hearing which will be in person unless otherwise stated.

   If, by 12pm on the business day prior to the scheduled hearing date, the Court has neither granted an adjournment request, nor received a Certificate of No Objection, the Court will hold an in-person hearing as scheduled.

2.  <u>In-person hearings:</u>

For all in-person hearings a party, other than the moving party, may appear by phone if they request permission from the courtroom deputy by email at reg_hearings@nyeb.uscourts.gov at least 48 hours prior to the hearing. If you do not obtain permission to appear telephonically at least 48 hours prior to the hearing, you will be required to appear in person.

All attorneys and unrepresented parties are required to register for in-person appearances and telephonic appearances at least two (2) business days in advance of the scheduled hearing using the Court's eCourt Appearances platform described below. Parties appearing in person shall follow the separate procedures in the "In person hearings and trials" section.

3.  <u>eCourt Appearances:</u>

All attorneys and unrepresented parties appearing both in person and telephonically must register with eCourt Appearances at least two (2) business days in advance of the scheduled hearing at: https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl. For more information on eCourt Appearances, including a tutorial on how to use the program, please visit:

https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances

If for some reason you are not able to use the eCourt Appearances platform you must email the Courtroom Deputy at: reg_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing and state that a reasonable effort to use the platform has been made. You must include your name, the case number(s), who you represent if you are an attorney, and the date of the hearing. Your email must include in the Re: line "I am not able to register using eCourt Appearances." You will then be provided with the dial in/log in information. If you do not have internet access you may call the courtroom deputy with this information.

4.  <u>Failure to appear:</u>

If a party does not timely call and connect for a telephonic appearance, or appear in time for an in-person hearing, the hearing may proceed in their absence. If the movant does not appear, the matter may be denied for failure to appear.

Additional information and details may be found on the Chambers web page for Judge Grossman at:

https://www.nyeb.uscourts.gov/content/judge-robert-e-grossman

Dated: Huntington, New York
           October 7, 2024

MOSER LAW FIRM, P.C.

*Steven, John Moser*

Steven John Moser (SM6628)
5 East Main Street
Huntington, New York 11743
steven.moser@moserlawfirm.com
*Attorneys for Movant Jose Zaldivar*
(631) 824-0200

To: Service list on Certificate/Affidavit of Service

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
**CENTRAL ISLIP DIVISION**

| | |
|---|---|
| In re:<br><br>Muslum Levent,<br><br><br><br>Debtor(s). | **Case No. 8-24-72675-reg** |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

I, Steven J. Moser, declare as follows:

1.      I am the attorney for the Movant Jose Zaldivar.

2.      I make this declaration in support of Jose Zaldivar's motion for relief from the automatic stay pursuant to 11 USC § 362(d)(1).

### The Procedural History of the "Wage Action"

3.      On January 5, 2022, Jose Zaldivar, an unsecured creditor (hereinafter "Movant") filed an action against the Debtor Muslum Levent to recover unpaid wages and related damages under the Fair Labor Standards Act and the New York Labor Law *sub nom Zaldivar v. Levent Company, Ltd. d/b/a Shish Kebab Grill, et. al.,* 22-cv-00065-GRB-ARL (the "Wage Action"). A copy of the complaint filed in the Wage Action is annexed hereto as Exhibit A.

4.      I am the attorney of record for Jose Zaldivar in the Wage Action. In the Wage Action Jose Zaldivar seeks to hold Levent individually liable as an employer for wages owed to Zaldivar when he worked at Levent's restaurant, the "Shish Kebab Grill."

5.      On April 11, 2022, Franklin, Gringer & Cohen, P.C., filed an answer in the

Wage Action on behalf of defendants Muslum Levent and Levent Company, Ltd. A copy of the answer in the Wage Action is annexed hereto as Exhibit B.

6.     On January 24, 2023 the parties in the Wage Action submitted a letter to the Court advising that the parties had agreed to the selection of Patrick McKenna, Esq., a member of the EDNY panel, to mediate the Wage Action.

7.     On January 25, 2023, the Hon. Arlene R. Lindsay, USMJ, referred the Wage Action to mediation and directed that mediation be completed by March 27, 2023.

8.     Muslum Levent and Levent Company, Ltd. failed to participate in mediation.

9.     Instead, on July 7, 2023, the attorneys for Muslum Levent and Levent Company, Ltd. filed a motion to withdraw from representing the Defendants in the Wage Action. In that motion, counsel for Muslum Levent and Levent Company, Ltd. stated that on **May 3, 2023, Muslum Levent contacted them "via telephone informing counsel that several of his relatives in Turkey passed away due to the earthquake and, _inter alia,_ Defendants' time and financial resources have been devoted to aiding his family."** _See_ Declaration of Danielle E. Mietus, Esq. in Support of Franklin, Ginger & Cohen, P.C.'s Motion to Withdraw as Counsel of Record for Defendant, ¶ 18, annexed hereto as Exhibit C.

10.     On August 29, 2023 Magistrate Judge Lindsay granted counsel's motion to withdraw and advised Defendant Levent Company, Ltd. that it must appear by counsel or will be considered to be in default. A copy of the Order is annexed hereto as Exhibit D.

11.     On October 12, 2023 Magistrate Judge Lindsay issued a report and recommendation in the Wage Action "that Defendants' answer be stricken, and a default judgment be entered against Defendants Levent Company and Muslum Levent." Exhibit

E.

12.     On November 20, 2023 District Judge Gary R. Brown adopted the foregoing Report and Recommendation. *See* Docket Report, Exhibit F.

13.     On February 2, 2024 the Muslum Levent filed a motion to vacate the order striking the Defendants' answer in the Wage Action. A copy of this letter is annexed hereto as Exhibit G.

14.      On February 12, 2024 the parties to the Wage Action agreed upon a 60 day stay to renew their attempts at mediation.

15.     On February 13, 2024 the court in the Wage Action granted the stay and ordered that mediation be completed by April 15, 2024. *See* Docket Report, annexed hereto as Exhibit F.

16.     On May 9, 2024 Muslum Levent participated in mediation, but the Wage Action was not settled. *See* Docket Report, Exhibit F.

17.     On May 31, 2024 the second attorneys of record for the Defendants in the Wage Action, Scott Mishkin, P.C., filed a motion to withdraw. *See* Docket Report, Exhibit F.

18.     On June 26, 2024, Magistrate Judge Lindsay held the motion to withdraw in abeyance and granted Muslum Levent's prior motion to vacate the default in the Wage Action dated February 2, 2024. A copy of this order is annexed hereto as Exhibit H. However, Magistrate Judge Lindsay gave an ultimatum to the parties in the Wage Action, ordering Muslum Levent to answer on or before July 11, 2024 or face a default judgment. *See* Exhibit H.

19.     Mr. Levent filed for bankruptcy on July 9, 2024, two days before his answer

in the Wage Action was due.

### There is Good Cause to Lift the Automatic Stay

20.    The Creditor Jose Zaldivar should be granted relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1). "The lack of adequate protection of an interest in property of the party requesting relief from the stay is one cause for relief, but is not the only cause. [A] desire to permit an action to proceed to completion in another tribunal may provide another cause." H. Rept. No. 95-595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 340–344.

21.    **The Wage Action should be allowed to proceed.** Since the inception of the Wage Action in January 2022, Muslum Levent has frustrated Jose Zaldivar's attempts to enforce his rights under the FLSA and the NYLL, including his right to unpaid wages. Muslum Levent will not be prejudiced by permitting Plaintiff Jose Zaldivar to file a motion for Default Judgement in the Wage Action. Indeed, the Debtor claims that he has no assets to satisfy any judgment in the Wage Action, regardless of the amount. Therefore, the stay should be lifted in the Wage Action.

22.    **The Plaintiff's interests will not be protected absent relief from the stay.** Jose Zaldivar commenced the Wage Action against Muslum Levent on January 5, 2022. **Mr. Levent admitted in court filings in the Wage Action that after February 6, 2023 he had "devoted" his "financial resources" to "aiding his family".**

23.    Pursuant to NY Debtor and Creditor Law 274(a), the Debtor's transfers made during the pendency of the action without consideration are voidable:

> A transfer made or obligation incurred by a debtor is voidable as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or

obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

*Id.*

24.    Here, Muslum Levent successfully delayed the recovery of unpaid wages by his former employee Jose Zaldivar for approximately 2 ½ years. During this period the Debtor admitted to making transfers without consideration. Now he claims he is insolvent.

25.    Upon information and belief, Muslum Levent lives with his son Hakan Levent. Despite Muslum Levent's admission in the Wage Action that he made transfers to family members, he states in his bankruptcy petition that his sole income is from his son Hakan Levent.

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: Huntington, New York
　　　　October 7, 2024

*Steven J. Moser*
Steven J. Moser

# EXHIBIT A

Steven J. Moser
MOSER LAW FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
Tel: 516-671-1150
steven.moser@moserlawfirm.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jose Zaldivar,<br><br>                                    Plaintiff,<br><br>               -against-<br><br>Levent Company, Ltd. d/b/a Shish Kebab Grill and<br>Muslum Levent,<br><br>                                    Defendants. | **COMPLAINT WITH JURY DEMAND**<br><br>**Case No.** |

Plaintiff Jose Zaldivar, by his attorneys, the Moser Law Firm, P.C., hereby files this complaint against Levent Company, Ltd. d/b/a Shish Kebab Grill and Muslum Levent, and alleges as follows:

### JURISDICTION AND VENUE

1.      This action is brought to remedy overtime violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and various violations of the New York Labor Law ("NYLL"), including minimum wages, overtime, spread of hours and wage statement violations.

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(a)(2), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as substantial parts of the events or omissions giving rise to claims in the Complaint occurred within the Eastern District.

## PARTIES

*Plaintiff*

4.      Plaintiff Jose Zaldivar is a natural person who resides in Nassau County, New York.

*Corporate Defendant*

5.      Defendant Levent Company, Ltd. is a domestic corporation incorporated under the laws of the State of New York.

6.      Defendant Levent Company, Ltd. maintains a principal place of business at 1380 Old Northern Blvd., Roslyn, New York  11576.

*Individual Defendant*

7.      Defendant Muslum Levent is a natural person who resides in Nassau County, New York.

8.      Upon information and belief, Defendant Muslum Levent ("Levent"), at all times relevant, was a shareholder of Levent Company, Ltd.

9.      Upon information and belief, Defendant Levent had the power to hire and fire the Plaintiff, supervised, and controlled the work schedules and conditions of Plaintiff's employment, determined the rate and method of his pay, and maintained records of his employment.

10.     Upon information and belief, Defendant Levent exercised sufficient operational control over Levent Company, Ltd. to be deemed Plaintiff's employer.

## FACTUAL ALLEGATIONS

11.     At relevant times, Defendant Levent Company, Ltd. was an employer as defined under the FLSA and NYLL.

12.     At relevant times, Defendant Levent was an employer as defined under the FLSA and NYLL.

13.     At all relevant times, Defendant Levent Company, Ltd. has been an entity engaged

in commerce as defined by the FLSA. 29 U.S.C. §§ 201 et seq.

14.     For the calendar year 2018, Levent Company, Ltd. had an annual dollar volume of sales or business done of at least $500,000.

15.     For the calendar year 2019, Levent Company, Ltd. had an annual dollar volume of sales or business done of at least $500,000.

16.     For the calendar year 2020, Levent Company, Ltd. had an annual dollar volume of sales or business done of at least $500,000.

17.     At all relevant times, Levent Company, Ltd. operated an eating or drinking place that prepared and offered food or beverages for human consumption on its premises.

18.     At all relevant times, Levent Company, Ltd. did business as Shish Kebab Grill.

19.     At all relevant times, Jose Zaldivar was an employee of and employed by the Defendants under the FLSA and NYLL.

20.     Jose Zaldivar was employed by Defendants from on or about February 2015 until May 30, 2021.

21.     From approximately July 1, 2015 until approximately December 31, 2017, Mr.. Zaldivar's regular working hours were from 10 AM to 10 PM on Monday, Wednesday, Thursday, Friday, Saturday and Sunday.

22.     From approximately January 1, 2018 until approximately March 31, 2020, Mr. Zaldivar's regular working hours were from 10:30 AM to 9:00 PM on Monday, Wednesday, Thursday, Friday, Saturday and Sunday.

23.     From approximately April 1, 2020 until approximately May 15, 2020, Mr. Zaldivar was ill with COVID-19 and did not work.

24.     From approximately May 16, 2020 until approximately August 15, 2020, Mr. Zaldivar's regular working hours were from 10:30 AM to 8:30 PM on Monday, Wednesday,

3

Thursday, Friday, Saturday and Sunday.

25.     From approximately August 16, 2020 until May 30, 2021, Mr. Zaldivar's regular working hours were from 10:30 AM to 9:00 PM on Monday, Wednesday, Thursday, Friday, Saturday and Sunday.

26.     Mr. Zaldivar took a one-hour lunch break each day.

27.     From approximately July 1, 2015 until approximately December 31, 2017, Mr.. Zaldivar worked approximately 66 hours per week.

28.     From approximately January 1, 2017 until approximately March 31, 2020, Mr. Zaldivar worked approximately 57 hours per week.

29.     From approximately May 16, 2020 until approximately August 15, 2020, Mr. Zaldivar worked approximately 54 hours per week.

30.     From approximately August 16, 2020 until May 30, 2021, Mr. Zaldivar worked approximately 57 hours per week.

31.     Defendants failed to pay Mr. Zaldivar an hourly rate of pay.

32.     During the calendar year 2015, Defendants paid Mr. Zaldivar $450.00 per week in cash.

33.     During the calendar years 2016 and 2017, Defendants paid Mr. Zaldivar $470 per week in cash.

34.     During the calendar years 2018 and 2019, Defendants paid Mr. Zaldivar $500 per week in cash.

35.     During the calendar years 2020 and 2021, Defendants paid Mr. Zaldivar $525 per week in cash.

36.     Mr. Zaldivar was not paid the applicable minimum wage for each regular hour worked as required by the New York Hospitality Industry Wage Order and the New York Labor

Law during the calendar year 2021.

37.    From approximately July 1, 2015 until December 30, 2020, the Plaintiff was not paid overtime compensation for hours worked in excess of forty at one- and one-half times his regular rate of pay.

38.    From December 31, 2020 until May 30, 2021, the Plaintiff was not paid overtime compensation for hours worked in excess of forty at one- and one-half times the applicable minimum wage.

39.    Defendants failed to furnish Mr. Zaldivar a wage statement with each payment of wages.

40.    Mr. Zaldivar worked a spread of hours that exceeded ten approximately six days each week.

41.    Mr. Zaldivar was not paid the spread of hours premium by the Defendants.

FIRST COUNT

*Overtime Wages under the Fair Labor Standards Act 29 U.S.C. §§ 201, et seq. (29 U.S.C. §§ 207 & 216)*

42.    Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

43.    Defendants are each an employer within the meaning of 29 U.S.C. § 203(e).

44.    Plaintiff is an employee within the meaning of 29 U.S.C. § 203(e).

45.    Defendants were required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty (40) hours in a workweek.

46.    Defendants failed to pay Plaintiff the overtime wages to which he was entitled.

47.    Defendants willfully deprived the Plaintiff of the overtime wages to which he was entitled.

48.    Because Defendants' violations of the FLSA were willful, a three-year statute of

5

limitations applies.

## SECOND COUNT

*Overtime wages under Article 19 of the New York Labor Law §§ 650 et seq.*

*(NYLL § 663 and 12 N.Y. Compilation of Codes, Rules, and Regulations § 146-1.4)*

49.     Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

50.     Defendants are each an employer under the NYLL.

51.     Plaintiff is an employee under the NYLL.

52.     Defendants were required to pay Plaintiff one and one-half times his regular rate of pay, or one and one-half times the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours in a workweek.

53.     Defendants failed to pay Plaintiff the overtime wages to which he was entitled.

54.     Defendants willfully deprived the Plaintiff of the overtime wages to which he was entitled.

## THIRD COUNT

*Minimum Wages under Article 19 of the New York Labor Law §§ 650 et seq.*

*(NYLL § 663 and 12 N.Y. Compilation of Codes, Rules, and Regulations §§ 146-1.2)*

55.     Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

56.     Defendants are each an employer under the NYLL.

57.     Plaintiff is an employee under the NYLL.

58.     On and after December 31, 2020, the Plaintiff was entitled to be paid $14.00 per hour for each regular hour worked pursuant to NYCRR .

59.     Defendants failed to pay Plaintiff the minimum wages to which he was entitled in

6

the year 2021.

60.    Defendants willfully deprived the Plaintiff of the minimum wages to which he was entitled.

## FOURTH COUNT

### *Spread of Hours Premium under 12 NYCRR §§ 146-1.6*

61.    Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

62.    Plaintiff was entitled to a spread of hours premium for each workday that the spread of hours exceeded ten.

63.    Plaintiff regularly worked a spread of hours that exceeded ten.

64.    Defendants failed to pay the Plaintiff spread-of-hours pay.

65.    Defendants willfully deprived the Plaintiff the spread of hours pay to which he was entitled.

## FIFTH COUNT

### *Wage Statement Violations under NYLL §§ 195(3) and 198*

66.    Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

67.    NYLL § 195(3) requires an employer furnish a wage statement with every wage payment that lists inter alia, the employee's name, address, and phone number, employer's name, dates covered by the payment, deductions, and net wages.

68.    Defendants failed to provide a wage statement with each wage payment as required by NYLL § 195.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A.  Unpaid overtime pay under the NYLL and the FLSA;

B.  An amount equal to unpaid overtime as liquidated damages under the FLSA and NYLL;

C.  Unpaid minimum wages under the NYLL;

D.  An amount equal to unpaid minimum wages under the NYLL;

E.  Unpaid spread of hours pay;

F.  An amount to Spread of Hours Pay as liquidated damages under the NYLL;

G.  Statutory damages for continuing violations of the wage statement provisions of NYLL § 195, up to a total of $5,000;

H.  Reasonable attorney's fees and costs of the action;

I.  Prejudgment interest; and

J.  Such other relief as this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiffs demand a trial by jury in this action of all issues so triable.

Dated: Huntington, New York
       January 5, 2022

Respectfully submitted,
MOSER LAW FIRM, P.C.

By:  Steven John Moser
5 E. Main Street
Huntington, NY  11743
(516) 671-1150
steven.moser@moserlawfirm.com
*Attorneys for Plaintiff*

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
JOSE ZALDIVAR,

|  |  |
|---|---|
|  | Docket No.: 22-cv-00065 |
| **Plaintiff,** | **(GRB)(ARL)** |

    v.

**ANSWER**

**LEVENT COMPANY, LTD. d/b/a SHISH KEBAB**
**GRILL, and MUSLUM LEVENT,**

                        **Defendants.**
-------------------------------------------------------------------X

       Defendants, LEVENT COMPANY, LTD. d/b/a SHISH KEBAB GRILL and MUSLUM

LEVENT (hereinafter "Defendants"), by their attorneys, **FRANKLIN, GRINGER & COHEN,**

**P.C.,** as and for their Answer to Plaintiff's Complaint (the "Complaint"), alleges as follows:

      1.      The first paragraph of the Complaint sets forth that Plaintiff is bringing claims

pursuant to the Fair Labor Standards Act ("FLSA"), AND the New York Labor Law ("NYLL"),

and as such it contains no allegations of fact; to the extent that it may be read as setting forth any

allegations of fact, Defendants deny those allegations.

      2.      The second paragraph of the Complaint sets forth jurisdictional invocations that

Defendants are not obligated to answer; to the extent that it may be read as setting forth any

allegations of fact, Defendants deny those allegations.

      3.      The third paragraph of the Complaint sets forth venue invocations that Defendants

are not obligated to answer; to the extent that it may be read as setting forth any allegations of fact,

Defendants deny those allegations.

      4.      Defendants deny knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations set forth in Paragraph 4 of the Complaint.

      5.      Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.      Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8.      Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9.      The nineth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

10.     The tenth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

11.     The eleventh paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

12.     The twelfth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

13.     The thirteenth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

14.     Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15.     Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants admit the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.     Defendants admit the allegations contained in Paragraph 18 of the Complaint.

19.    The nineteenth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

20.    Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.    Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.    Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.    Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.    Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.    Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.    Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.    Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.    Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.    Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.    Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.    Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.    Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.    Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.    Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.    Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.    Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.    Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.    Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.    Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.　　Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.　　Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.　　As to Paragraph 42 of the Complaint Defendants repeat and reallege their answers to each and every allegation contained in Paragraphs 1 to 41 of the Complaint as if fully set forth herein.

43.　　The forty-third paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

44.　　The forty-fourth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

45.　　The forty-fifth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

46.　　Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.　　Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.　　Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.　　As to Paragraph 49 of the Complaint Defendants repeat and reallege their answers to each and every allegation contained in Paragraphs 1 to 48 of the Complaint as if fully set forth herein.

50.　　The fiftieth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

51.    The fifty-first paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

52.    The fifty-second paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

53.    Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.    Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.    As to Paragraph 55 of the Complaint Defendants repeat and reallege their answers to each and every allegation contained in Paragraphs 1 to 54 of the Complaint as if fully set forth herein.

56.    The fifty-sixth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

57.    The fifty-seventh paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

58.    The fifty-eighth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

59.    Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.    Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.    As to Paragraph 61 of the Complaint Defendants repeat and reallege their answers

to each and every allegation contained in Paragraphs 1 to 60 of the Complaint as if fully set forth herein.

62.     The sixty-second paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

63.     Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.     As to Paragraph 66 of the Complaint Defendants repeat and reallege their answers to each and every allegation contained in Paragraphs 1 to 65 of the Complaint as if fully set forth herein.

67.     The sixty- seventh paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

68.     Defendants deny the allegations contained in Paragraph 68 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

69.     The Complaint fails to state any claims by Plaintiff against Defendants upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

70.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or filing periods and/or by the doctrine of laches.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

71.     Defendants did not engage in willful conduct in violation of the FLSA and, at all

times relevant to this action, acted in good faith and based upon a reasonable belief that their acts and/or omissions were not in violation of the FLSA. Accordingly, pursuant to the FLSA, Plaintiff's statute of limitations is two years.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

72.    Defendants did not engage in willful conduct in violation of the NYLL and, at all times relevant to this action, acted in good faith and based upon a reasonable belief that their acts and/or omissions were not in violation of the NYLL. Accordingly, Plaintiff is not entitled to recover and award for liquidated damages for willful conduct pursuant to the NYLL.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

73.    Plaintiff is not entitled to liquidated damages because Defendants acted in good faith and had reason to believe their actions and/or omissions did not willfully violate federal and/or state law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

74.    Plaintiff's claims are barred, in whole or in part, by equitable defenses, including the doctrines of equitable estoppel, waiver and/or unclean hands.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

75.    The Court does not have jurisdiction over Plaintiff's FLSA claims and should not maintain supplemental jurisdiction over Plaintiff's state law claims.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

76.    To the extent Plaintiff is exempt from eligibility for overtime compensation pursuant to the FLSA, he is not entitled to overtime compensation under the FLSA or the NYLL and/or applicable wage orders.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

77.     Defendants made complete and timely payment of all wages due to Plaintiff. Accordingly, Plaintiff is not entitled to recover damages for failure to provide wage statements and the wage notice pursuant to NYLL.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

78.     Because no discovery has been taken at this state of the case, Defendants reserve the right to file and serve additional defenses, as appropriate.

**WHEREFORE,** Defendants demand judgment against Plaintiff as follows:

i.      Dismissing the Complaint in its entirety; and

ii.     Awarding such other and further legal and equitable relief as may be found appropriate and as this Court may deem just and proper.

Dated:  Garden City, New York
        April 11, 2022

                                        Respectfully submitted,

                        By:     _____
                                Danielle E. Mietus, Esq.
                                **FRANKLIN, GRINGER & COHEN, P.C.**
                                *Attorneys for Defendants*
                                666 Old Country Road, Suite 202
                                Garden City, New York 11530
                                (516) 228-3131

To:     Moser Law Firm, P.C.
        *Attorneys for Plaintiff*
        5 E. Main Street
        Huntington, New York 11743
        (516) 671-1150

8

EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JOSE ZALDIVAR,

                                 Plaintiff,

        v.

LEVENT COMPANY, LTD. d/b/a SHISH KEBAB
GRILL, and MUSLUM LEVENT,

                               Defendants.
----------------------------------------------------------------------X

Docket No.: 22-cv-00065
(GRB)(ARL)

**DECLARATION OF DANIELLE E. MIETUS, ESQ. IN SUPPORT OF
FRANKLIN, GRINGER & COHEN, P.C.'S MOTION TO
WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS**

Pursuant to 28 U.S.C. § 1746, Danielle E. Mietus, Esq., hereby declares as follows:

1.     I am an associate at Franklin, Gringer & Cohen, P.C. ("the Firm"), and am an attorney admitted to the Bar of this Court. In this wage and hour matter, the Firm currently represents Levent Company, Ltd. d/b/a Shish Kebab Grill and Muslum Levent (together as "Defendants"). As Defendants' counsel, I am familiar with the facts and circumstances discussed herein based upon personal knowledge and the files maintained by this office.

2.     I submit this declaration in support of the Firm's motion, pursuant to Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (hereinafter, "Local Rule(s)"), for leave to withdraw as Defendants' attorneys of record and for a stay.

3.     The Firm respectfully requests to be relieved as counsel of record because, as will be discussed in more detail below, the Defendants have failed and continue to fail to pay the Firm for legal services rendered and there has been a breakdown of the relationship with Defendants

rendering it unreasonably difficult for the Firm to effectively and adequately carry out its representation.

### **Procedural History and Relevant Facts**

4.      On January 20, 2022, Defendants entered into a written Retainer Agreement with the Firm for purposes of defending the Defendants in this action, which Plaintiff commenced on January 5, 2022 with the filing of his Summons and Complaint in this Court alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law against Defendants. ECF No. 1.

5.      Pursuant to the Retainer Agreement, Defendants were to pay the Firm's fees on an hourly basis.

6.      While we will gladly provide the Court with more detail on an *ex parte* basis should the Court require it, so as not to disclose the specifics of any confidential material, for purposes here it is sufficient to state that the Firm has performed work on Defendants' behalf, at their direction, and they owe the Firm a sum of money for services rendered.

7.      Despite receiving monthly invoices, as specifically detailed in the written Retainer Agreement, Defendants have failed and continue to fail to pay, and have owed the Firm for its work.

8.      On April 11, 2022, Defendants filed their Answer. ECF No. 6.

9.      Subsequently, on October 7, 2022, Plaintiff filed a status report advising the Court that the parties had selected a mediator from the Court's mediation panel, ECF No. 9, and on October 13, 2022, the Court issued an FLSA Initial Discovery and Mediation Referral Order, setting, *inter alia*, deadlines for the parties to engage in initial discovery protocol and complete mediation. ECF No. 10.

10.     Thereafter, in an effort to comply with the Court's aforementioned Order, the Firm contacted Defendants on numerous instances requesting the required documents and information but received sporadic responses from Defendants.[1]  To date, Defendants still have not provided the Firm with the requested documents and information despite repeated requests for same.

11.     On January 24, 2023, the undersigned filed the parties' joint status report requesting that the Court refer the parties to the EDNY mediation program, advising of their selection of mediator, Patrick McKenna, Esq., and requesting sixty days from the date of such referral to complete mediation, ECF No. 11, which the Court granted the following day, setting a mediation completion deadline of March 27, 2023. *See* Electronic Order dated January 25, 2023.

12.     However, shortly thereafter in early-February 2023 a tragic earthquake occurred in Turkey where Defendant Levent had family.  Around this same time, Defendant Levent informed the Firm that because of the earthquake in Turkey where several of his family members had unfortunately been unaccounted for, Defendants would not be able to participate in mediation until late March.  In early-March 2023, the Firm again attempted to ascertain Defendants' availability for mediation that month, but Defendants ceased all communication with counsel.

13.     Ultimately, given Defendants inability to confirm a mediation date, the parties were unable to move forward with mediation.

14.     On April 28, 2023, Plaintiff filed a status report letter with the Court requesting, *inter alia*, that the Court issue an order directing Defendants to produce certain documents and participate in mediation, and if not, permitting Plaintiff leave to file a motion for default judgment. ECF No. 12.

---

[1] The Firm has tried contacting Defendants by phone and email and has received sporadic responses from Defendants.  Any specific dates referenced herein are not exhaustive.  Should the Court require, we will share additional details and documents with the Court *ex parte*, which we will be prepared to provide to the Court for an *in camera* review should it see fit.

15.    On May 3, 2023, the undersigned filed Defendants' response to Plaintiff's April 28th letter, ECF No. 13, noting therein that Defendants had been in limited contact with counsel since early-February 2023 and, since the Firm's last contact with Defendants in early-March 2023, Defendants had ceased communication with their counsel.

16.    That same day, still on May 3, 2023, the Firm sent email correspondence to Defendant Levent, *inter alia*, warning Defendants of the consequences of their continued failure to respond and cooperate with their counsel in this matter and, if the Firm did not receive a response, it would have no option but to move to withdraw representation of Defendants.

17.    The following day, on May 4, 2023, the Court issued an Electronic Order directing Defendants' counsel to move to withdraw as counsel by today, July 7, 2023, or produce documents as directed by the Court's prior Order.

18.    Upon Defendant Levent's receipt of the Firm's May 3rd email, he contacted the Firm via telephone informing counsel that several of his relatives in Turkey passed away due to the earthquake and, *inter alia*, Defendants' time and financial resources have been devoted to aiding his family.

19.    Since then, the Firm has not received any further communication from Defendants despite the efforts to contact them and, to that end, Defendant Levent's phone number is no longer receiving calls.

20.    Accordingly, the Firm must proceed with its Motion to Withdraw as Counsel of Record for Defendants.

21.    Presently, formal discovery has not yet started, nor has the Court entered a Discovery Plan and Scheduling Order, and trial is not yet scheduled in this matter.

## **Withdrawal of Representation**

22.     Local Rule 1.4 provides as follows:

> An attorney who has appeared as attorney of record for a party may
> be relieved or displaced only by order of the Court and may not
> withdraw from a case without leave of the Court granted by order.
> Such an order may be granted only upon a showing by affidavit or
> otherwise of satisfactory reasons for withdrawal or displacement
> and the posture of the case, including its position, if any, on the
> calendar, and whether or not the attorney is asserting a retaining or
> charging lien. All applications to withdraw must be served upon the
> client and (unless excused by the Court) upon all other parties.

23.     Pursuant to the Rules of Professional Conduct, N.Y. Comp. Codes R. & Regs.

("NYCRR") tit. 22, § 1200, a "lawyer may withdraw from representing a client when: . . . the

client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees . . .

[or] the client fails to cooperate in the representation or otherwise renders the representation

unreasonably difficult for the lawyer to carry out employment effectively." *See* Rule 1.16(c)(5),

1.16(c)(7); *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014)

(citing *United States v. Lawrence Aviation Indus.*, 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11,

2011)) ("It is well-settled that a lawyer may seek to withdraw when the client renders it

unreasonably difficult for the lawyer to carry out such employment effectively"); *Alvarez v.

Michael Anthony George Constr. Corp.*, 2014 WL 12921226, at *1 (E.D.N.Y. June 18, 2014)

(granting motion to withdraw as counsel for defendants on the basis of the clients' refusal to pay

legal fees).

24.     "Courts have long recognized that a client's continued refusal to pay legal fees

constitutes a 'satisfactory reason' for withdrawal under Local Rule 1.4." *Team Obsolete, Ltd. v.

A.H.R.M.A., Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) (collecting cases); *see also

TufAmerica, Inc. v. Codigo Music LLC*, 2017 WL 3475499, at *6-7 (S.D.N.Y. Aug. 11, 2017)

(granting motion to withdraw and finding nonpayment of attorneys' fees coupled with irreconcilable difference between client and counsel sufficient reasons to justify withdrawal); *United States v. Estate of Wiesner*, 2017 WL 14505994, at *9 (E.D.N.Y. Mar. 15, 2017) (citing *Alvarado-Vargas v. 6422 Holding Corp.*, 85 A.D. 3d 829, 830 (2d Dep't 2011) (holding the court providently granted the law firm's motion to withdraw where it was undisputed that insurer will no longer pay the law firm's legal fees for the insured's defense), *rep. & rec'd adopted*, 2017 WL 1458724 (E.D.N.Y. Apr. 24, 2017); *Lawrence Aviation Indus.*, 2011 WL 601415, at *1 (a motion to withdraw as counsel should be granted when non-payment of attorneys' fees is combined with the client's failure to cooperate or where the client has rendered it unreasonably difficult for the firm to carry out its responsibilities) (collecting cases); *Federal Home Loan Mortgage Corp. v. 41-50 78th St. Corp.*, 1997 WL 177862, at *5 (E.D.N.Y. Apr. 4, 1997) ("where a client has deliberately disregarded its obligation to pay attorney's fees, it is appropriate to permit an attorney to withdraw").

25.    Here, pursuant to the Retainer Agreement, Defendants were to pay the Firm's fees on an hourly basis. But, despite receiving monthly invoices, as specifically detailed in the written Retainer Agreement, Defendants have failed and continue to fail to pay, and have owed the Firm for its work. To that end, Defendants have not paid the Firm since June 2022, and even then, payment was not up to date. Furthermore, discovery will soon start and the Firm will be required to perform substantial additional work with no reasonable expectation of payment. Indeed, should the Court deny the relief sought herein, the Firm has no reason to believe that the Defendants will pay for any future legal fees or costs incurred in further defense of this action, which will mount substantially in the near future.

26.     Additionally, it is well-settled that the failure of a client to cooperate with counsel in the prosecution or defense of an action and failure to communicate with counsel are satisfactory reasons permitting an attorney to be released from the obligation of continuing to represent the attorney's client. *See Batres v. Valente Landscaping Inc.*, 2016 WL 4991595, at *3 (E.D.N.Y. Sept. 15, 2016) (holding that plaintiffs' failure to communicate with counsel was sufficient to establish good cause to relieve counsel); *Chen v. Wai? Café Inc.*, 2016 WL 722185, at *7 (S.D.N.Y. Feb. 19, 2016) (citing *Fischer v. Biman Bangladesh Airlines*, 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997)) ("[L]ack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal"); *Farmer*, 60 F. Supp. 3d at 445 ("Courts in this District have held that satisfactory reasons for withdrawal include a client's lack of cooperation, including lack of communication with counsel"); *Naguib v. Pub. Health Sols.*, 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (granting motion to withdraw as counsel where the client refused to communicate and cooperate with counsel); *Munoz v. City of New York*, 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) (granting motion for leave to withdraw as counsel based on the lack of communication with the client and the acrimonious relationship that has developed between the law firm and the plaintiff).

27.     Here, after numerous requests for Defendants to communicate with this Firm and repeated warnings that the Firm would move to withdraw if they continued to fail to produce the Firm with necessary documents and information as well as continued to fail to contact the Firm, they have remained non-responsive. Clearly, Defendants have repeatedly failed to cooperate with the Firm, giving this Firm grounds to withdraw as their attorneys. Indeed, Defendants' pattern of sporadic and then no communication for months has resulted in their failure to cooperate in the

7

ongoing mediation process and caused a deterioration of their relationship with the Firm such that it is unreasonable for the Firm to carry out its employment effectively.

28.     Lastly, the Court should stay this action for a period of at least thirty days so as to allow Defendants time to obtain other counsel.  Neither Plaintiff nor the Defendants would be prejudiced by the withdrawal of the Firm.  Presently, formal discovery has not yet started, nor has the Court entered a Discovery Plan and Scheduling Order, and trial is not yet scheduled in this matter.  As such, the Firm further requests that the Court stay proceedings in this action for a period of thirty days to permit Defendants to secure new counsel. *See Wiesner*, 2017 WL 1458724 (granting stay of sixty days to permit defendant to obtain new counsel); *Stair v. Calhoun*, 722 F. Supp. 2d 258, 265 (E.D.N.Y. 2010) (withdrawal permitted as court determined it would not significantly prejudice plaintiffs because the litigation had only passed the motion to dismiss stage and discovery had not been conducted); *see also Kariman v. Time Equities, Inc.*, 2011 WL 1900092 (S.D.N.Y. 2011) (collecting cases and noting withdrawal is typically permitted even when substantial discovery has occurred when trial is not imminent).

29.     The Firm is not asserting a charging or retaining lien against Defendants or their file.

30.     For the foregoing reasons, the Firm respectfully requests that the Court grant its

Motion to Withdraw as Counsel of Record for Defendants in this matter and stay the case for a

period of thirty days so as to permit Defendants time to obtain other counsel.

Dated: Garden City, New York
       July 7, 2023

                              **FRANKLIN, GRINGER & COHEN, P.C.**

                    By:

                              Danielle Mietus, Esq.
                              *Attorneys for Defendants*
                              666 Old Country Road, Suite 202
                              Garden City, New York 11530
                              (516) 228-3131

C:      All Counsel of Record (*via* ECF)

        *Via First-Class Mail*
        Levent Company, Ltd. d/b/a Shish Kebab Grill
        1380 Old Northern Boulevard
        Roslyn, New York 11576

        *Via Electronic and First-Class Mail*
        Muslum Levent
        Levent Company, Ltd. d/b/a Shish Kebab Grill
        1380 Old Northern Boulevard
        Roslyn, New York 11576
        Email: Muslumlevent1@gmail.com

EXHIBIT D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSE ZALDIVAR,

                                    Plaintiff,

                                                                    **ORDER**
                    -against-                                        22-CV-0065 (GRB) (ARL)


LEVENT COMPANY, LTD. d/b/a SHISH KEBAB
GRILL, and MUSLUM LEVENT,

                                    Defendants.
-------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

        Before the Court is the motion of Franklin, Gringer & Cohen, P.C. ("Franklin"), counsel

for Defendants Levent Company, Ltd. d/b/a Shish Kebab Grill and Muslum Levent (collectively,

"Levent"), for leave to withdraw as attorney of record for Levent in this matter.  Plaintiff has not

filed any response in opposition to this motion.  In support of the motion to be relived as counsel,

Franklin has provided the declaration of Danielle E. Mietus ("Mietus Decl.").  The Court finds

that Franklin has demonstrated a legal justification for the withdrawal and, thus, the motion is

granted.

        Rule 1.4 provides that:

        An attorney who has appeared as attorney of record for a party may be relieved or
        displaced only by order of the court and may not withdraw from a case without leave of
        the court granted by the order.  Such an order may be granted only upon a showing by
        affidavit of satisfactory reasons for withdrawal or displacement and the posture of the
        case, including its position, if any, on the calendar.

*See* Local Civil Rule 1.4 of the Local Civil Rules of the United States District Courts for the

Southern and Eastern Districts of New York.  The court must consider two factors when deciding

a motion to withdraw (1) "'the reasons for withdrawal'" and (2) "'the impact of the withdrawal on

the timing of the proceeding.'" *Estate of Larry Shaw & Susan Shaw v. Marcus*, No. 7:14-CV-

3849 (NSR), 2016 U.S. Dist. LEXIS 120742, 2016 WL 4679734, at *1 (S.D.N.Y. Sept. 6, 2016)

(quoting *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08-CV-6469 (DAB) (JCF), 2011

U.S. Dist. LEXIS 16674, 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011)).

      It is well-settled that a lawyer may seek to withdraw when the client "renders it

unreasonably difficult for the lawyer to carry out [such] employment effectively." *Stephen*

*Eldridge Realty Corp. v. Green*, 174 A.D.2d 564, 566, 570 N.Y.S.2d 677, 678 (2d Dep't 1991);

*see Bok v. Werner*, 780 N.Y.S.2d 332, 9 A.D.3d 318 (1st Dep't 2004); *Johns-Manville Sales*

*Corp. v. State Univ. Constr. Fund*, 79 A.D.2d 782, 434 N.Y.S.2d 830 (3d Dep't 1980); 22

NYCRR § 1200.15 (1995).  Moreover, where a client's relationship with its attorney has

deteriorated to such an extent that continued representation would be inappropriate and the client

does not oppose a motion for withdrawal, the motion should be granted.  *See Lake v. M.P.C.*

*Trucking Inc.*, 718 N.Y.S.2d 903, 279 A.D.2d 813 (3d Dep't 2001) ("Good and sufficient cause

has been found to exist when there are irreconcilable differences between the attorney and the

client with respect to the proper course to be pursued in the litigation"); *Kraus v. Botti*, 699

N.Y.S.2d 189, 190 (3d Dep't 1999); *Ashkar v. International Business Machines Corp.*, 201

A.D.2d 765, 766, 601 N.Y.S.2d 488, 489 (3d Dep't 1994); *see also Valente v. Seiden*, 244

A.D.2d 799, 666 N.Y.S.2d 517 (3d Dep't 1997) (client's unwillingness to communicate with her

attorney makes it "unreasonably difficult, if not impossible, for [the attorney] to carry out [her]

employment effectively").  Courts have repeatedly found withdrawal to be appropriate when the

client does not cooperate with the attorney in the litigation. *See, e.g., United States v. Lawrence*

*Aviation Indus.*, No. 06-CV-4818 (JFB) (ARL), 2011 U.S. Dist. LEXIS 13777, 2011 WL

601415, at * 1 (E.D.N.Y. Feb. 11, 2011) ("It is well-settled that a lawyer may seek to withdraw

when the client renders it unreasonably difficult for the lawyer to carry out such employment

effectively."); *Fischer v. Biman Bangladesh Airlines*, No. 96-CV-3120 (SHS) (AJP), 1997 U.S.

Dist. LEXIS 10405, 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997) ("[L]ack of cooperation

by a client with its counsel, including lack of communication, is a sufficient reason for allowing

withdrawal.").

      Here, Franklin details the difficulties with continued representation of Levent.  Counsel

states that Levent has failed and continue to fail to pay the Firm for legal services rendered and

there has been a breakdown of the relationship rendering it unreasonably difficult for the Firm to

effectively and adequately carry out its representation.  According to Franklin, Levent  has not

paid any amounts owed since June 2022, and even then, payment was not up to date, despite

monthly billing.  Mietus Decl. at ¶ 25.

      In addition, counsel claims that Levent has not cooperated in the defense of this action.

According to Franklin, in an effort to comply with this Court's Order of October 13, 2022,

Franklin contacted Levent on numerous instances requesting the required documents and

information but received sporadic responses.  Levent has continued to fail to provide the

requested documents and information despite repeated requests for same.  *Id*. at ¶ 10.  Each of

these attempts went unanswered.  *Id*.  The parties were had elected to participate in the EDNY

mediation program, and advised the Court of their selection of mediator, Patrick McKenna, Esq.,

which was scheduled to be completed by March 27, 2023.  *Id*. at ¶ 11.  However, shortly

thereafter in early-February 2023 a tragic earthquake occurred in Turkey where Defendant

Levent had family.  Around this same time, Defendant Levent informed the Firm that because of

the earthquake in Turkey where several of his family members had unfortunately been

unaccounted for, Defendants would not be able to participate in mediation until late March.   In

early-March 2023, the Firm again attempted to ascertain Defendants' availability for mediation

that month, but Defendants ceased all communication with counsel. *Id.* at ¶ 12. Ultimately,

given Defendants inability to confirm a mediation date, the parties were unable to move forward

with mediation. *Id.* at ¶ 13. On May 3, 2023, Franklin advised the Court that Levent had been in

limited contact with counsel since early-February 2023 and, since the Franklin's last contact with

Levent in early-March 2023, Levent had ceased communication with counsel entirely. *Id.* at ¶

15. That same day, Franklin sent email correspondence to Defendant Levent, warning of the

consequences of Levent's continued failure to respond and cooperate with their counsel in this

matter and, notifying Levent that if Franklin did not receive a response, it would have no option

but to move to withdraw representation. *Id.* at ¶ 16. Upon Defendant Levent's receipt of the

Franklin's May 3rd email, he contacted the Franklin by telephone informing counsel that several

of his relatives in Turkey passed away due to the earthquake and his time and financial resources

have been devoted to aiding his family. *Id.* at ¶ 18. There have been no further contact with

Levent since then, despite the efforts to contact them and Defendant Levent's phone number is

no longer receiving calls. *Id.* at ¶ 19.

The Court finds that, in light of the history of a failure to cooperate, refusal to pay legal

fees incurred and given the early stage of this action, Franklin has sufficiently demonstrated

satisfactory reasons to withdraw from further representing Levent in this matter. In particular,

Franklin's uncontroverted declaration indicates that Levent has totally ceased to cooperate or

communicate with its attorneys, despite multiple attempts on the part of Franklin. Counsel

served the instant Motion to Withdraw by first class mail on Levent at its business. *See* Affidavit

of Service of Notice of Motion To Withdraw As Counsel, dated July 10, 2023 ("Proof of

Service"). There has been no meaningful contact between the attorney and client for over 30

days and there has been no opposition to his application to withdraw as counsel, accordingly, this

Court grants Franklin's motion to withdraw.

Levent Company, Ltd. d/b/a Shish Kebab Grill is cautioned that it must appear by counsel or will be considered to be in default. *See Rowland v. California Men's Coloney*, 506 U.S. 194, 202-03 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel): *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007); *Cahn v. Jang,* 1996 WL 506876, at *1 (E.D.N.Y. Aug. 28, 1996). Levent Company, Ltd. d/b/a Shish Kebab Grill is ordered to secure substitute counsel no later than September 29, 2023.

Outgoing counsel is directed to serve a copy of this Order upon Levent and file proof of service on ECF forthwith.

Dated: Central Islip, New York
      August 29, 2023

SO ORDERED:

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge

EXHIBIT E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOSE ZALDIVAR,

                                    Plaintiffs,                          **REPORT AND**
                                                                         **RECOMMENDATION**
                    -against-                                            22-CV-0065 (GRB) (ARL)

LEVENT COMPANY, LTD. d/b/a SHISH KEBAB
GRILL, and MUSLUM LEVENT,

                                    Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

On January 5, 2022, plaintiff Jose Zaldivar ("Plaintiff") commenced this action pursuant

to the Fair Labor Standards Act, 29 U.S.C. §216(b) to recover unpaid overtime wages, liquidated

damages, and attorneys' fees and costs and New York Labor Law Article 19, §650 et seq.

("NYLL") seeking compensatory damages, liquidated damages, punitive damages and attorneys'

fees. ECF No. 1. Defendants Levent Company, Ltd. D/B/A Shish Kebab Grill, and Muslum

Levent ("Defendants") filed an answer on April 11, 2022. ECF No. 6. On October 13, 2022, the

undersigned issued an FLSA Initial Discovery and Mediation Order. ECF No. 10. At the

parties' request, the matter was referred to mediation on January 24, 2023.

In a letter from Plaintiff's counsel dated April 27, 2023, Plaintiff reported that

Defendants has not participated in the mediation as promised and had not produced documents in

accordance with the Court's October 2022 Order. ECF No. 12. Plaintiff requested permission to

move for default judgment in light of Defendants' failure to participate. *Id.* By letter dated May

3, 2023, counsel for Defendants advised that Defendants were unable to participate in the

mediation "because of the tragic earthquake in Turkey in early-February 2023, where Defendant

Levent has family. As a result, Defendants have sporadically been in contact with their counsel

and their last contact with Defendants was in early-March 2023. Since then, Defendants have

ceased communication with their counsel." ECF No. 13. In response, on May 4, 2023, this Court directed that "Counsel for Defendants shall either move to withdraw as counsel or produce documents as directed by this Court's prior order no later than July 7, 2023."

On July 7, 2023, Defendants' counsel moved to withdraw as counsel because of a breakdown in communication. ECF No. 14. The motion was served on Plaintiff and each of the named Defendants. ECF No. 16. Neither Defendant responded to the motion to withdraw. On August 29, 2023 this Court granted counsel's motion to withdraw and advised Defendant Levent Company, Ltd. d/b/a Shish Kebab Grill ("Levant Company") that it must appear by counsel or will be considered to be in default. ECF No. 17. Levant Company was given until September 30, 2023 to secure substitute counsel. The Court's order was served on both Defendants. ECF No. 18. To date, Defendants have failed to respond to the Court's order.

Rule 16(f) authorizes a court to impose sanctions, including those permitted by Rule 37(b)(2)(A)(ii)-(vii), when a party fails to obey other pretrial orders. Such sanctions may include "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi). When considering whether to impose sanctions under Rules 16 and 37, courts look to several factors, including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Sanchez v. Jyp Foods Inc.*, 2018 U.S. Dist. LEXIS 161120, 2018 WL 4502008, at *3 (S.D.N.Y. Sept. 20, 2018) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)). Any sanction short of striking Defendants' answer, such as, prohibiting certain defenses, or finding certain facts in favor of plaintiffs would be "an exercise in futility," since Defendants have not responded to court orders,

2

have not participated in discovery, or otherwise defended this action. *Sanchez*, 2018 U.S. Dist. LEXIS 161120, 2018 WL 4502008, at *4 (quoting *Koch v. Rodenstock*, 2010 U.S. Dist. LEXIS 49054, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010), report and recommendation adopted, 2010 U.S. Dist. LEXIS 49031, 2010 WL 2010900 (S.D.N.Y. May 18, 2010)) ("Defendants' repeated noncompliance with court orders and failure to engage with the Court indicates that any lesser sanction would be 'an exercise in futility'").

Given the course of conduct referenced above, it is apparent to the undersigned that Defendants are unwilling to engage in this litigation and that any lesser sanction than default judgment would merely delay Plaintiff's eventual recovery. In addition, Defendants have been explicitly warned of the consequences of noncompliance. Accordingly, the Court reports and recommends that Defendants' answer be stricken and a default judgment be entered against Defendants Levent Company and Muslum Levent.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF, except in the case of a party proceeding *pro se*. Defendants must file its objections in writing with the Clerk of the Court within the prescribed time period noted above. Any requests for an extension of time for filing objections must be directed to Judge Brown prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
        October 12, 2023

                                        _____/s_____
                                        ARLENE R. LINDSAY
                                        United States Magistrate Judge

EXHIBIT F

Case 8-24-72675-reg    Doc 12    Filed 10/08/24    Entered 10/08/24 12:14:10

8/7/24, 10:03 AM

Eastern District of New York - LIVE Database 1.7 (Revision 1.7.1.2)

ACO,MEDSNR,NPROSE

# U.S. District Court
## Eastern District of New York (Central Islip)
## CIVIL DOCKET FOR CASE #: 2:22-cv-00065-GRB-ARL

Zaldivar v. Levent Company, Ltd. et. al.
Assigned to: Judge Gary R. Brown
Referred to: Magistrate Judge Arlene R. Lindsay
Demand: $200,000
Cause: 29:201 Fair Labor Standards Act

Date Filed: 01/05/2022
Jury Demand: Plaintiff
Nature of Suit: 710 Labor: Fair Standards
Jurisdiction: Federal Question

**Plaintiff**

**Jose Zaldivar**

represented by **Steven John Moser**
Moser Law Firm PC
133 C New York Ave
Huntington, NY 11743
516-671-1150
Fax: 631-759-9766
Email: steven.moser@moserlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Levent Company, Ltd.**
5 Yennicock Avenue
Port Washington, NY 11050
*doing business as*
Shish Kebab Grill

represented by **Danielle Elizabeth Mietus**
Meltzer, Lippe, Goldstein & Breitstone,
LLP
190 Willis Avenue
Mineola, NY 11501
516-747-0300
Email: DMietus@meltzerlippe.com
*TERMINATED: 08/29/2023*
*ATTORNEY TO BE NOTICED*

**Jasmine Y. Patel**
Weinstein & Klein PC
1 High Street Court
Suite 5
Morristown, NJ 07960
347-502-6464
Email: jpatel@weinsteinklein.com
*TERMINATED: 08/29/2023*
*ATTORNEY TO BE NOTICED*

**Scott M. Mishkin**
Scott Michael Mishkin, PC
One Suffolk Square
Suite 240
Islandia, NY 11749

https://ecf.nyed.uscourts.gov/cgi-bin/DktRpt.pl?128577072675654-L_1_0-1

1/7

Eastern District of New York - LIVE Database 1.7 (Revision 1.7.1.2)

631-234-1154
Fax: 631-234-5048
Email: MishkinEsq@optonline.net
*ATTORNEY TO BE NOTICED*

**Defendant**

**Muslum Levent**                    represented by    **Danielle Elizabeth Mietus**
5 Yennicock Avenue                                      (See above for address)
Port Washington, NY 11050                               *TERMINATED: 08/29/2023*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Jasmine Y. Patel**
                                                        (See above for address)
                                                        *TERMINATED: 08/29/2023*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Scott M. Mishkin**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/05/2022 | 1 | COMPLAINT against Muslum Levent, Levent Company, Ltd. Was the Disclosure Statement on Civil Cover Sheet completed -No,, filed by Jose Zaldivar. (Attachments: # 1 Civil Cover Sheet, # 2 Proposed Summons Levent Company, Ltd., # 3 Proposed Summons Muslum Levent) (Flanagan, Doreen) (Entered: 01/06/2022) |
| 01/05/2022 | | FILING FEE: $ 402.00, receipt number ANYEDC-15165677 (Flanagan, Doreen) (Entered: 01/06/2022) |
| 01/06/2022 | | Incorrect Case/Document Entry Information. Deleted Defendants and re-entered the Defendants to conform to the Complaint. Deleted Document Entry No. 1 (Complaint, Civil Cover Sheet and Proposed Summonses) and re-entered as against all Defendants. (Flanagan, Doreen) (Entered: 01/06/2022) |
| 01/06/2022 | 2 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made. (Flanagan, Doreen) (Entered: 01/06/2022) |
| 01/06/2022 | | Case Assigned to Judge Gary R. Brown and Magistrate Judge Arlene R. Lindsay. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (Flanagan, Doreen) (Entered: 01/06/2022) |
| 01/06/2022 | 3 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if all parties wish to consent.** The form may also be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences. Do NOT return or file the consent <u>unless</u> all parties have signed the consent.** (Flanagan, Doreen) (Entered: 01/06/2022) |
| 01/06/2022 | 4 | Summons Issued as to Muslum Levent, Levent Company, Ltd.. (Attachments: # 1 |

| | | Summons-Muslum Levent) (Flanagan, Doreen) (Entered: 01/06/2022) |
|---|---|---|
| 02/28/2022 | 5 | STIPULATION re 1 Complaint, *Waiver of Service Thereof and date to answer/move* by Jose Zaldivar (Moser, Steven) Modified on 3/1/2022 (Imrie, Robert). (Entered: 02/28/2022) |
| 03/01/2022 | | ORDER re 5 : The time for Muslum Levent and Levent Company, Ltd. to answer, move or otherwise respond to the complaint is extended to and including April 10, 2022. Ordered by Magistrate Judge Arlene R. Lindsay on 3/1/2022. c/ecf (Imrie, Robert) (Entered: 03/01/2022) |
| 04/11/2022 | 6 | ANSWER to 1 Complaint, by Muslum Levent, Levent Company, Ltd.. (Mietus, Danielle) (Entered: 04/11/2022) |
| 04/11/2022 | 7 | Corporate Disclosure Statement by Levent Company, Ltd. (Mietus, Danielle) (Entered: 04/11/2022) |
| 05/27/2022 | 8 | NOTICE of Appearance by Jasmine Y. Patel on behalf of All Defendants (aty to be noticed) (Patel, Jasmine) (Entered: 05/27/2022) |
| 08/25/2022 | | STATUS REPORT ORDER : A joint written Status Report is due by 9/23/2022. Ordered by Judge Gary R. Brown on 8/25/2022. (McMorrow, Karen) (Entered: 08/25/2022) |
| 09/30/2022 | | STATUS REPORT ORDER : A status report was due by 9/23/2022. A review of the docket shows no response filed. A joint written Status Report is due by 10/7/2022. Failure to submit a status report may result in a dismissal of the case for failure to prosecute. Ordered by Judge Gary R. Brown on 9/30/2022. (McMorrow, Karen) (Entered: 09/30/2022) |
| 10/07/2022 | 9 | STATUS REPORT by Jose Zaldivar (Moser, Steven) (Entered: 10/07/2022) |
| 10/13/2022 | 10 | FLSA INITIAL DISCOVERY and MEDIATION ORDER: See the attached Order for details. (Status Report due by 1/17/2023). Ordered by Magistrate Judge Arlene R. Lindsay on 10/13/2022. c/ecf (RI) (Entered: 10/13/2022) |
| 01/24/2023 | 11 | STATUS REPORT by Muslum Levent, Levent Company, Ltd. (Mietus, Danielle) Modified on 1/25/2023 (RI). (Entered: 01/24/2023) |
| 01/25/2023 | | ORDER re 11 : The matter is referred to mediation which shall be completed by March 27, 2023. Ordered by Magistrate Judge Arlene R. Lindsay on 1/25/2023. c/ecf (RI) (Entered: 01/25/2023) |
| 01/25/2023 | | MEDIATION INSTRUCTIONS for Counsel are available at: https://www.nyed.uscourts.gov/adr-forms.<br><br>Counsel are to select a mediator, schedule the first mediation session, and file the name of the mediator, date, time and place of the first mediation session via CM/ECF using the event Selection of Mediator. For a list of the EDNY Mediators and their qualifications, see the Court's website at https://www.nyed.uscourts.gov/adr/Mediation/displayAll.cfm. EDNY Mediators are compensated in accordance with EDNY Local Rule 83.8(f)(1) [formerly EDNY Local Civil Rule 83.11(f)(1)].<br><br>The Confidentiality Stipulation is available at: https://www.nyed.uscourts.gov/adr-forms, and must be signed by all participants, including the mediator. The signed confidentiality stipulation must be uploaded via the Courts website here: https://edny.app.box.com/f/1fabaa0a170b4fd293704738238fd876.<br><br>Upon completion of the mediation, both parties must submit a Mediation Report which can |

| | | |
|---|---|---|
| | | be found at: https://www.nyed.uscourts.gov/adr-forms. The Mediation Report must be submitted within two weeks following mediation session. (TP) (Entered: 01/25/2023) |
| 04/19/2023 | | ORDER: The matter was referred to mediation which was scheduled to conclude by March 27, 2023. The parties are directed to submit a joint status report on or before April 27, 2023. Ordered by Magistrate Judge Arlene R. Lindsay on 4/19/2023. c/ecf (RI) (Entered: 04/19/2023) |
| 04/28/2023 | 12 | STATUS REPORT *and Motion to Compel* by Jose Zaldivar (Moser, Steven) (Entered: 04/28/2023) |
| 05/03/2023 | 13 | Letter *Regarding Plaintiff's April 27, 2023 Correspondence* by Muslum Levent, Levent Company, Ltd. (Mietus, Danielle) (Entered: 05/03/2023) |
| 05/04/2023 | | SCHEDULING ORDER: re 13 Letter filed by Levent Company, Ltd., Muslum Levent. Counsel for Defendants shall either move to withdraw as counsel or produce documents as directed by this Court's prior order no later than July 7, 2023. Ordered by Magistrate Judge Arlene R. Lindsay on 5/4/2023. (BJ) (Entered: 05/04/2023) |
| 07/07/2023 | 14 | MOTION to Withdraw as Attorney *of Record for Defendants by Franklin, Gringer & Cohen, P.C.* by Muslum Levent, Levent Company, Ltd.. (Mietus, Danielle) (Entered: 07/07/2023) |
| 07/07/2023 | 15 | AFFIDAVIT/DECLARATION in Support re 14 MOTION to Withdraw as Attorney *of Record for Defendants by Franklin, Gringer & Cohen, P.C.* filed by Muslum Levent, Levent Company, Ltd.. (Mietus, Danielle) (Entered: 07/07/2023) |
| 07/10/2023 | 16 | AFFIDAVIT/AFFIRMATION re 14 MOTION to Withdraw as Attorney *of Record for Defendants by Franklin, Gringer & Cohen, P.C. Affidavits of Service of Motion on Defendants* by Muslum Levent, Levent Company, Ltd. (Mietus, Danielle) (Entered: 07/10/2023) |
| 08/29/2023 | 17 | ORDER re 14 : See the attached Order for details. (Attorney Danielle Elizabeth Mietus and Jasmine Y. Patel terminated) Ordered by Magistrate Judge Arlene R. Lindsay on 8/29/2023. c/ecf (RI) (RI). (Entered: 08/29/2023) |
| 08/31/2023 | 18 | AFFIDAVIT/AFFIRMATION re 17 Order on Motion to Withdraw as Attorney *Proof of Service Upon Defendants* by Muslum Levent, Levent Company, Ltd. (Mietus, Danielle) (Entered: 08/31/2023) |
| 10/12/2023 | 19 | REPORT AND RECOMMENDATIONS: See the attached Report and Recommendation for details. Signed by Magistrate Judge Arlene R. Lindsay on 10/12/2023. c/ecf (RI) (Entered: 10/12/2023) |
| 11/20/2023 | | ORDER ADOPTING REPORT AND RECOMMENDATIONS for 19 Sua Sponte - Report and Recommendations; adopting Report and Recommendations as to 19 Sua Sponte - Report and Recommendations.<br><br>Presently before the Court is the Report and Recommendation, dated October 12, 2023, DE 19, of Magistrate Judge Arlene R. Lindsay, recommending that defendants' answer be stricken and default be entered.<br><br>The time to file objections has expired, and no objections have been filed. Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, this Court has carefully reviewed the Report and Recommendation and finds Judge Lindsay's Report and Recommendation to be exceedingly thorough, well-reasoned and free from clear error. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); see Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court to review a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those |

findings."); Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); Piroleau v. Caserta, No. 10-CV-5670 (SJF), 2012 WL 5389931, at *1 (E.D.N.Y. Oct. 29, 2012) ("To accept the report and recommendation of a magistrate judge on a dispositive matter as to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record."); see also Killoran v. Westhampton Beach School Dist., No. 18-CV-3389 (DRH), 2020 WL 1433647 (E.D.N.Y. Mar. 11, 2020) (reviewing dispositive Report and Recommendation for clear error where no objections made). Nevertheless, although de novo review is not required, the Court has conducted a de novo review of the Report and Recommendation, and having reviewed the motion papers, the applicable law, and having conducted a careful review of the Report and Recommendation de novo, the Court has determined that Judge Lindsay has thoughtfully and correctly applied the law.

Accordingly, the Court adopts the Report and Recommendation, dated October 12, 2023, DE 19, of Magistrate Judge Arlene R. Lindsay, in its entirety.

**The Clerk of the Court is respectfully directed to enter notation of default. Plaintiff shall file a proposed order pursuant to the undersigned's Individual Rules Appendix A within 10 days thereafter.**

Ordered by Judge Gary R. Brown on 11/20/2023. (JP) (Entered: 11/20/2023)

| | | |
|---|---|---|
| 11/20/2023 | 20 | Clerk's ENTRY OF DEFAULT: It appearing from the docket maintained in this action that defendants Muslum Levent and Levent Company, Ltd., have failed to appear or otherwise defend this action, the defaults of defendants Muslum Levent and Levent Company, Ltd., are hereby noted pursuant to Rule 55a of the Federal Rules of Civil Procedure. (JT) (Entered: 11/20/2023) |
| 12/08/2023 | 21 | Mail Returned as Undeliverable. Docket sheet and Certificate of Default sent to Levent Company, Ltd - 1380 Old Northern Blvd. Roslyn marked as return to sender, insufficient address, unable to forward. (JC) (Entered: 12/08/2023) |
| 12/12/2023 | 22 | Mail Returned as Undeliverable. 20 Clerk's ENTRY OF DEFAULT and docket sheet sent to Muslum Levent marked as unable to forward for review, returned. (JC) (Entered: 12/13/2023) |
| 01/08/2024 | 23 | Letter from Muslum Levent to Judge Brown dtd 12/26/2023 addressing this case and failure to respond in a timely manner. Notifying court of address change. (JC) (Entered: 01/10/2024) |
| 02/02/2024 | 24 | Letter MOTION to Vacate from Muslum Levent to the Judge dtd 1/30/2024 (JC) Modified on 2/6/2024 to modify to a motion pursuant to GRB Chambers(JC). (Entered: 02/05/2024) |
| 02/06/2024 | | ORDER REFERRING MOTION: 24 MOTION to Vacate filed by Muslum Levent. |
| | | All pretrial proceedings, including the above-mentioned motion, are hereby respcetfully REFERRED to the assigned Magistrate Judge. Additionally, any dispositive pretrial motions are referred to the assigned Magistrate Judge for a Report and Recommendation. |
| | | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that if all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically only if all parties wish to consent. The form may also be accessed at the following link: |

| | | |
|---|---|---|
| | | http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. You may withhold your consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent.<br><br>The Clerk of the Court is respectfully directed to mail a copy of this Order to the pro se defendant.<br><br>Ordered by Judge Gary R. Brown on 2/6/2024. Motions referred to Arlene R. Lindsay. (JP) (Entered: 02/06/2024) |
| 02/12/2024 | 25 | NOTICE of Appearance by Scott M. Mishkin on behalf of All Defendants (aty to be noticed) (Mishkin, Scott) (Entered: 02/12/2024) |
| 02/12/2024 | 26 | Letter *Motion To Administratively Stay Matter* by Levent Company, Ltd. (Mishkin, Scott) Modified on 2/13/2024 (RI). (Entered: 02/12/2024) |
| 02/13/2024 | | ORDER granting 26 : The matter is returned to mediation which shall be completed by April 15, 2024. Ordered by Magistrate Judge Arlene R. Lindsay on 2/13/2024. c/ecf (RI) (Entered: 02/13/2024) |
| 02/13/2024 | | MEDIATION INSTRUCTIONS for Counsel are available at: https://www.nyed.uscourts.gov/adr-forms under ADR Forms/Mediation Forms/For Counsel and Parties.<br><br>Counsel are to select a mediator, schedule the first mediation session, and file the name of the mediator, date, time and place (in-person or remote) of the first mediation session using the Selection of the Mediator Form on the ADR Forms website under Mediator Forms/For Counsel and Parties: https://www.nyed.uscourts.gov/adr-forms or via CM/ECF using the event Selection of Mediator. For a list of the EDNY Mediators and their qualifications, see the Court's website at https://www.nyed.uscourts.gov/adr/Mediation/displayAll.cfm. EDNY Mediators are compensated in accordance with EDNY Local Civil Rule 83.8(f)(1) [formerly EDNY Local Civil Rule 83.11(f)(1)].<br><br>The Confidentiality Stipulation is available at: https://www.nyed.uscourts.gov/adr-forms under ADR Forms/Mediation Forms/For Counsel and Parties. The Confidentiality Stipulation (in-person or remote) must be signed at or before the initial mediation session by all participants and the Mediator and returned via e-mail to nyed_adr@nyed.uscourts.gov.<br><br>Upon completion of the mediation, both parties must submit a Mediation Report which can be found at: https://www.nyed.uscourts.gov/adr-forms under ADR Forms/Mediation Forms/For Counsel and Parties. The Mediation Report must be submitted within two weeks following mediation session. (JR) (Entered: 02/13/2024) |
| 05/09/2024 | | REPORT of Mediation Unsettled. Both parties must submit a Mediation Report which can be found at: https://www.nyed.uscourts.gov/adr-forms. The Mediation Report must be submitted within two weeks following mediation session.Mediation Report due by 5/23/2024. (DS) (Entered: 05/09/2024) |
| 05/31/2024 | 27 | First MOTION to Withdraw as Attorney *for all Defendants* by Muslum Levent. (Mishkin, Scott) (Entered: 05/31/2024) |
| 06/26/2024 | 28 | ORDER re 24 : See the attached Order for details. Ordered by Magistrate Judge Arlene R. Lindsay on 6/26/2024. c/ecf (RI) (Entered: 06/26/2024) |
| 07/10/2024 | 29 | STATUS REPORT by Muslum Levent, Levent Company, Ltd. (Mishkin, Scott) (Entered: 07/10/2024) |

| 07/24/2024 | 30 | First MOTION for Extension of Time to File *Motion for Default Judgment* by Jose Zaldivar. (Moser, Steven) (Entered: 07/24/2024) |
|---|---|---|
| 07/25/2024 | | ORDER granting 30 Motion for Extension of Time to File. In light of the circumstances described in Plaintiff's motion one final extension shall be granted. Plaintiff shall file a motion for default judgment no later than August 2, 2024. However, Plaintiff has had eight months to file the motion for default judgment and no further extensions shall be granted. Ordered by Magistrate Judge Arlene R. Lindsay on 7/25/2024. (BJ) (Entered: 07/25/2024) |
| 07/31/2024 | 31 | STATUS REPORT *regarding Bankruptcy Petition of Defendant Muslum Levent* by Jose Zaldivar (Moser, Steven) (Entered: 07/31/2024) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/07/2024 10:02:34 | | |
| PACER Login: | sm662800 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:22-cv-00065-GRB-ARL |
| Billable Pages: | 6 | Cost: | 0.60 |

# EXHIBIT G

22CV(05 - GRB - ARL

Muslum Levent
5 yennicock ave Port Washington, NY, 11050
1/30/2024

To: United States District Court Eastern District of New York
100 Federal Plaza, Central Islip, NY 11722

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB - 2 2024 ★

LONG ISLAND OFFICE

### Request for Motion to Vacate Due to Health Issues and Company Dissolution

RECEIVED

Dear Judge,

FEB 0 2 2024

EDNY PRO SE OFFICE

I hope this email finds you well. My name is Muslum Levent, and I am willing to inform you about my current health situation that unfortunately prevented me from attending the recent court case.

I have been facing ongoing health issues that required immediate attention and medical care. Regrettably, during the same period, my company, Levent Company Ltd., closed its operations. The dissolution of the company resulted in a significant transition period and an increased demand on my time, and unfortunately, I did not receive the notice regarding the court case.

Due to these combined circumstances, I was unable to attend the hearing as required. I understand the importance of my presence in court, and I sincerely apologize for any inconvenience this may have caused. I am fully committed to fulfilling my legal obligations, and I am seeking your guidance on the appropriate steps to take in order to address this situation.

I have the medical documentation regarding my serious health condition and relevant documentation related to the dissolution of Levent Company Ltd. I am prepared to submit any required documentation promptly.

I kindly request your assistance in guiding me through the process of filing a Motion to Vacate based on these circumstances. I am willing to provide any additional information or documentation required to support my case.

Thank you for your understanding and assistance in this matter. I am looking forward to resolving this situation in a manner that complies with legal procedures.

Sincerely,

Muslum Levent (President of Levent Company Ltd.)

Levent Company LTD
(Muslum Levent)
5 Yennicock Ave
Port Washington NY
11050

MID-ISLAND NY 117

31 JAN 2024   PM 3

RECEIVED
IN CLERK'S OFFICE
DISTRICT COURT E.D.N.Y.

FEB 02 2024

LONG ISLAND OFFICE

* CV 08065

Case No: 2

To: United States District Court Eastern District
of New York
100 Federal Plaza, Central Islip NY 11722

11722-443800

EXHIBIT H

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSE ZALDIVAR,

                              Plaintiffs,

                                                    **ORDER**
              -against-                             22-CV-0065 (GRB) (ARL)

LEVENT COMPANY, LTD. d/b/a SHISH KEBAB
GRILL, and MUSLUM LEVENT,

                              Defendants.
------------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

        On January 5, 2022, plaintiff Jose Zaldivar ("Plaintiff") commenced this action pursuant

to the Fair Labor Standards Act, 29 U.S.C. §216(b) to recover unpaid overtime wages, liquidated

damages, and attorneys' fees and costs and New York Labor Law Article 19, §650 et seq.

("NYLL") seeking compensatory damages, liquidated damages, punitive damages and attorneys'

fees. ECF No. 1. Defendants Levent Company, Ltd. D/B/A Shish Kebab Grill, and Muslum

Levent ("Defendants") filed an answer on April 11, 2022. ECF No. 6. On October 13, 2022, the

undersigned issued an FLSA Initial Discovery and Mediation Order. ECF No. 10. At the

parties' request, the matter was referred to mediation on January 24, 2023.

        In a letter from Plaintiff's counsel dated April 27, 2023, Plaintiff reported that

Defendants has not participated in the mediation as promised and had not produced documents in

accordance with the Court's October 2022 Order. ECF No. 12. Plaintiff requested permission to

move for default judgment in light of Defendants' failure to participate. *Id.* By letter dated May

3, 2023, counsel for Defendants advised that Defendants were unable to participate in the

mediation "because of the tragic earthquake in Turkey in early-February 2023, where Defendant

Levent has family. As a result, Defendants have sporadically been in contact with their counsel

and their last contact with Defendants was in early-March 2023. Since then, Defendants have

ceased communication with their counsel." ECF No. 13. In response, on May 4, 2023, this Court directed that "Counsel for Defendants shall either move to withdraw as counsel or produce documents as directed by this Court's prior order no later than July 7, 2023."

On July 7, 2023, Defendants' counsel moved to withdraw as counsel because of a breakdown in communication. ECF No. 14. The motion was served on Plaintiff and each of the named Defendants. ECF No. 16. Neither Defendant responded to the motion to withdraw. On August 29, 2023 this Court granted counsel's motion to withdraw and advised Defendant Levent Company, Ltd. d/b/a Shish Kebab Grill ("Levant Company") that it must appear by counsel or will be considered to be in default. ECF No. 17. Levant Company was given until September 30, 2023 to secure substitute counsel. The Court's order was served on both Defendants. ECF No. 18. Defendants failed to respond to the Court's order.

In light of Defendants failure to participate in this action, and pursuant to Rule 16(f) of this Court recommended to Judge Brown that Defendants' answer be stricken and a default judgment be entered against Defendants Levent Company and Muslum Levent on October 12, 2023. ECF No. 19. Defendants did not object to the Report and Recommendation and on November 20, 2023 Judge Brown adopted this Court's Report and Recommendation and directed the Clerk of the Court to enter a notation of default. Judge Brown also directed Plaintiff to file a proposed order pursuant to the undersigned's Individual Rules Appendix A within 10 days thereafter. The default was entered on November 20, 2023, however, Plaintiff never filed a proposed order of default judgment as directed.

On January 8, 2024 *pro se* Defendant Muslum Levent wrote to the Court indicating that his business, Levent Company had closed its operations and that despite his failure to cooperate in the proceedings to date, he "sincerely apologize[d] for any inconvenience this may have

caused" and indicating he was "fully committed to fulfilling my legal obligations." ECF No. 24. This letter was filed as a motion to vacate the default. This motion was referred to the undersigned by Judge Brown.

Shortly thereafter, on February 12, 2024, Scott Michael Mishkin ("Mishkin") filed a notice of appearance on behalf of both Defendants. ECF No. 25. On the same day, Defendants advised the Court that the parties mutually agreed to return to mediation and requested a 60-day stay of the action to pursue mediation. ECF No. 26. The Court granted the motion for a 60-day stay and directed that mediation be completed by April 15, 2024. On May 9, 2024, the mediator reported that the matter was not settled. Despite the expiration of the stay, Plaintiff has not filed a motion for default judgment, nor has Plaintiff responded to the pending motion to vacate the entry of default.

On May 31, 2024, Mishkin filed a motion to withdraw as counsel, providing an affidavit indicating that Defendants had failed to pay attorneys' fees in accordance with the retainer agreement. ECF No. 27. The motion indicates it was served upon Muslum Levent by email. Neither Plaintiff nor Defendants have responded to Mishkin's motion to withdraw.

Turning first to Defendants' motion to vacate the entry of default, in this case, while the Clerk has entered a default, there is no default judgment. Under these circumstances, the Court decides the motion to vacate under the more lenient standard of Federal Rule of Civil Procedure ("Rule") 55(c). *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981); *see also Austin Energy, LLC v. Eco Lumens*, LLC, No. 11-CV-5749, 2013 U.S. Dist. LEXIS 179261, 2013 WL 6835192, at *2 (E.D.N.Y. Dec. 19, 2013).

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). When determining whether there is "good cause" to vacate entry of default

under Rule 55(c), a district court must consider three factors: (1) the willfulness of the default; (2) the existence of a meritorious defense to the defaulted claims; and (3) prejudice to the non-defaulting party should relief be granted. *Pecarsky v. Galaxiworld.com, Ltd.,* 249 F.3d 167, 171 (2d Cir. 2001). No one factor is dispositive. *See Murray Eng'g, P.C. v. Windermere Props LLC,* No. 12 Civ. 0052, 2013 U.S. Dist. LEXIS 61877, 2013 WL 1809637, at *4 (S.D.N.Y. Apr. 30, 2013). However, because an entry of default is generally disfavored and is considered an "extreme sanction" that "must remain a weapon of last, rather than first resort," *see Meehan v. Snow,* 652 F.2d at 276, any doubt "as to whether a default should be granted or vacated" must be "resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

Here, Plaintiff has not responded to Defendants' motion to vacate the entry of default, and indeed, despite being directed to do so by Judge Brown, never sought entry of a default judgment. While the Court is troubled by Defendants repeated failure to actively participate in this litigation, it cannot be said the Defendants have not participated at all, having twice retained counsel, answered the Complaint – although that answer has since been stricken – and twice participated in mediations. Neither party has actively pursued this litigation. Defendants provide a litany of purported justifications for their failures, and Plaintiff has not done much to pursue this action failing to move for entry of default judgment and failing to respond to the motion to vacate.

In light of the foregoing, the parties shall be given one final opportunity to move this action forward. The motion to vacate the entry of default is granted and Defendants shall answer the Complaint within 15 days from the date of this Order. In the event Defendants fail to answer the Complaint, Plaintiffs shall seek entry of default and file a motion for default judgment no

later than July 25, 2024.  In the event Plaintiff fails to move for entry of default judgment, the

undersigned shall recommend to Judge Brown that this action be dismissed for failure to

prosecute.

Also pending is Mishkin's motion to withdraw. ECF No. 27.  The motion shall be held in

abeyance for 15 days to allow Defendants to rectify the situation with counsel.  Defendant

Levent Company is once again cautioned that it must appear by counsel or will be considered to

be in default.  *See Rowland v. California Men's Coloney*, 506 U.S. 194, 202-03 (1993) ("It has

been the law for the better part of two centuries . . . that a corporation may appear in the federal

courts only through licensed counsel): *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007);

*Cahn v. Jang,* 1996 WL 506876, at *1 (E.D.N.Y. Aug. 28, 1996).  Mishkin shall file a status

update with the Court no later than July 20, 2024, advising the Court regarding the payment of

attorneys' fees and the possibility of continued representation.

Dated:   Central Islip, New York
         June 26, 2024

                                        _____/s_____
                                        ARLENE R. LINDSAY
                                        United States Magistrate Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| In re: | **CHAPTER 7** |
|---|---|
| Muslum Levent, | **Case No. 8-24-72675-REG** |
| Debtor(s). | |

## CERTIFICATE OF SERVICE

I hereby certify under the penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am employed by the Moser Law Firm, PC, the attorneys for the Movant;

2. A true and correct copy of the Notice of Motion, Motion for Relief including all exhibits and attachments, were filed electronically on October 7, 2024, with the United States Bankruptcy Court, and has been served on the parties in interest via Regular United States Mail Service, first class, postage fully pre-paid, to the parties listed below on October 7, 2024 as follows:

**Debtor's Attorney**
John P Brooke
85 W. Main Street
Suite 201
Bay Shore, NY 11706

**Chapter 7 Trustee**
Kenneth Kirschenbaum
Kirschenbaum & Kirschenbaum
200 Garden City Plaza
Suite 315
Garden City, NY 11530

**US Trustee**
United States Trustee
Long Island Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, NY 11722-4437

**Debtor(s)**
Muslum Levent
5 Yennicock Avenue
Port Washington, NY 11050

Dated: Huntington, New York
October 7, 2024

Shirley Navarro-Losito